**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ARTAVIA SIMPSON**, | ) |
| | ) **Case No.:** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND DEMAND** |
| **JPMORGAN CHASE BANK, N.A.** | ) **FOR JURY TRIAL** |
| **D/B/A CHASE CARD SERVICES,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

ARTAVIA SIMPSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against JPMORGAN CHASE BANK N.A. D/B/A CHASE CARD SERVICES ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Norristown, Pennsylvania 19401.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at P.O. Box 901076, TX 1-0056, Fort Worth, Texas 96101.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for at least one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Defendant placed repeated calls to Plaintiff's cellular telephone seeking to collect a credit card balance owed by Plaintiff's mother, Daytona Simpson.

13. During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as Defendant's calls began with a noticeable pause or delay or pre-recorded message before being transferred to one of Defendant's callers.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Plaintiff spoke with Defendant soon after the calls began and revoked any consent that may have been previously given to Defendant to call her cellular telephone number.

17. Defendant heard and acknowledged this request to stop calling.

18. Once Defendant was aware that its calls were unwanted and was told to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. In spite of her repeated instruction to stop calling her cellular telephone, Defendant instead continued to call her repeatedly.

20. Plaintiff found Defendant's repeated calls to be harassing, invasive, frustrating, annoying, and upsetting.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, in and after she revoked consent, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ARTAVIA SIMPSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ARTAVIA SIMPSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C

DATED: 03/12/2021

By: <u>/s/ Amy L. Bennecoff Ginsburg</u>
    AMY L. BENNECOFF GINSBURG
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: <u>teamkimmel@creditlaw.com</u>